MRS. S. A. MITCHEM v. A. D. K. WALLACE ET AL.

(Filed 19 May, 1909.)

1. **Deeds and Conveyances — Escrow — Contracts, Breach of — Damages—Evidence—Burden of Proof.**

In an action for damages for breach of contract for the sale of land, evidence showing that the deed was signed by defendant and placed in escrow, upon condition that the other parties in interest should first sign before delivery; that the other parties refused to sign, the plaintiff refused to take only the interest of the defendant, and the deed was never delivered, is insufficient upon the issue as to whether the defendant violated his contract, the burden of proof being on plaintiff, and a motion to nonsuit upon the evidence should have been sustained.

2. **Same—Purchase Price—Tender.**

When it is shown by the evidence that defendant had only an one-fourth undivided interest in the land, of which he informed plaintiff, and signed a deed, to be held in escrow, upon condition that the other owners would convey their interests, and thereafter offered, upon their refusing to do so, to pass his own interest upon payment to him of his proportionate part of the purchase price, the vendee, the plaintiff in the action, cannot recover damages for an alleged breach of the contract without first showing a tender of the purchase price.

ACTION for damages for breach of contract in sale of land, tried before *Justice, J.,* and a jury, at August Term, 1908, of RUTHERFORD.

The defendants moved to nonsuit; motion overruled. Defendants except.

His Honor submitted these issues:

1. "Did defendant contract and agree with plaintiff to sell her his interest in the land mentioned in the complaint, as therein alleged?" Answer: "Yes."

2. "Did defendant fail and refuse to convey to the plaintiff his interest in said land, in violation of his contract, as alleged?" Answer: "Yes."

3. "What damage, if any, is plaintiff entitled to recover?" Answer: "Fifty dollars."

From the judgment rendered defendants appealed.

*D. F. Morrow* and *R. S. Eaves* for plaintiff.
*McBrayer, McBrayer & McRorie* for defendants.

BROWN, J.   The evidence, taken in its most favorable light
for plaintiff, tends to prove that the land, the subject-matter of
the contract, belonged to the defendant A. D. K. Wallace and to
the other codefendants.   A contract for the sale of the land was
drawn up and signed by said Wallace and the plaintiff and
deposited with C. W. Goode, to be held by him until released
by mutual agreement of plaintiff and A. D. K. Wallace.   It
was evidently deposited to await the consent of the other owners,
who refused to sell, as claimed by Wallace; but we will assume,
as contended by plaintiff, that it was held by Goode to await
the payment of the purchase money, and was then to be deliv-
ered to plaintiff.   This contract was never delivered to plain-
tiff, but, according to Goode, her own witness, it was taken from
his granddaughter by William Mitchem, plaintiff's brother-in-
law, without either Goode's or defendants' knowledge or consent.
It is manifest from plaintiff's own evidence that Wallace in-
formed her fully and particularly as to the ownership of the
land, and did not undertake to bind the other "sixteen heirs."
We are not furnished with the charge of the judge, but we infer
from the issues that the action was finally tried as one against
A. D. K. Wallace alone for damages for refusal to convey his
individual fourth interest, although the complaint charged the
breach against all the owners.   Certainly no cause of action is
made out, upon plaintiff's own evidence, against the other de-
fendants, and we think, upon consideration, that none is made
out against A. D. K. Wallace himself.   There is an entire
failure of evidence upon the second issue, and it was incumbent
upon plaintiff to establish the affirmative of that issue by a pre-
ponderance of the evidence.   The only evidence bearing thereon
is that of plaintiff herself and defendant Wallace.

Upon direct examination, plaintiff stated that, after the others
refused to sell, she asked Wallace to give her a chance at his
part, and that he refused to consent.   On cross-examination,
however, the plaintiff seems to have retracted that statement,
for she expressly admits that Wallace agreed "that he would

150—41

let me have his part, which was one-fourth interest." The defendant Wallace testifies: "Mrs. Mitchem came to see me in October, 1905, and I told her that the other heirs had repudiated the contract. I told her that I would let her have my part, and she said that she did not want my part or interest unless she could get it all. J. C. Hampton and H. B. Morgan were present." These two witnesses corroborate the statement of Wallace.

Although plaintiff admitted that Wallace offered her his share of the land, and although Wallace testified to the same fact, yet plaintiff admits that she never offered to pay Wallace a penny of the purchase money and never tendered a penny to Goode, the depositary of the contract.

It seems quite plain to us that there is nothing in the evidence to sustain the finding upon the second issue, and that, upon her own showing, the plaintiff is not entitled to recover damages for breach of a contract which she made no attempt to perform on her part. If Wallace had refused to sell his part of the land, after contracting to do so, plaintiff might have been relieved of the necessity of tendering to him, or to Goode, Wallace's portion of the purchase money, which was one-fourth. But Wallace did not refuse, according to plaintiff's own admission, as well as his own testimony, and it therefore was incumbent on her to tender his part of the purchase money before she could call for specific performance or sustain an action for damages for a breach of the contract.

The motion for nonsuit is allowed.

Reversed.